IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Feisley Farms Family, L.P., | : | |
| Plaintiff | : | Civil Action 2:14-cv-00146 |
| v. | : | Judge Sargus |
| Hess Ohio Resources, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

This matter is before the Magistrate Judge on plaintiff The Feisley Farms Family, L.P.'s February 28, 2014 motion for remand (doc. 12).

**I.   Background**

On December 18, 2006, plaintiff The Feisley Farms Family, L.P. entered into an oil and gas lease with Mason Dixon Energy, Inc. ("Mason Dixon"). Compl. at ¶ 4. The lease provided for a primary term of five years, and the lessee had the option to extend the lease for an additional five year term from the expiration of the primary term under the sale lease terms and conditions. *Id*. at ¶ 5.

On November 26, 2008, Mason Dixon assigned all right, title, and interest it held in the lease to Marquette Exploration, LLC ("Marquette"). *Id*. at ¶ 13. On September 8, 2011, Marquette Exploration became known as Hess Ohio Resources, LLC ("Hess"). *Id*. at ¶ 14.

1

On May 22, 2012, Ivy Phillips, the sole member of Hess Ohio Resources, LLC, stated under oath and filed for record in the Belmont County Official Records, an affidavit stating that the lease was extended for an additional five years to the secondary term based on the tendering of payment of additional bonus consideration and as a result the lease remained in full force and effect. *Id*. at ¶ 18. The affidavit recorded in the Belmont County Official Records remains in full force and effect. *Id*. at ¶ 19. Plaintiff did not cash the bonus consideration check tendered by defendant. *Id*. at ¶ 20.

Plaintiff seeks a declaratory judgment, injunctive relief and asserts claims for slander of title and tortious interference with business relations against Hess Ohio Resources, LLC. Plaintiff also seeks a declaratory judgment against Mason Dixon. The complaint alleges that under the terms of the Assignment of Oil and Gas Leases, Mason Dixon may have retained an interest in the lease. *Id*. at ¶ 42. Mason Dixon agreed to warrant and defend title to the interests conveyed therein and against claims and demands of "all persons" claiming an interest. *Id*. at ¶ 43.

II. **Arguments of the Parties**

  A. **Plaintiff The Feisley Farms Family, L.P.**

Plaintiff argues that complete diversity does not exist between the parties as required by 28 U.S.C. § 1332(a) to establish federal diversity jurisdiction in this matter. Plaintiff maintains that removal and jurisdictional statutes are to be strictly construed

against jurisdiction and in favor of remand. If federal jurisdiction is doubtful, a remand is necessary. The burden of demonstrating federal jurisdiction lies with the defendant.

Plaintiff maintains that there is no dispute that it and defendant Mason Dixon are citizens of Ohio for purposes of diversity jurisdiction, but Hess asserts that Mason Dixon is a nominal party added for the purpose of defeating federal diversity jurisdiction. To establish fraudulent joinder, the removing parties must demonstrate outright fraud in the plaintiff's pleading or show that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.

Although defendant Hess states that Mason Dixon has no ownership or other interest in the relevant oil and gas lease, Mason Dixon agreed to warrant and defend title to the lease against claims and demands of all persons claiming an interest. Plaintiff argues that the warranty and potential indemnification from plaintiff's claims make Mason Dixon more than a nominal party. Plaintiff is seeking a declaratory judgment to terminate and forfeit the parties' rights to the lease, including any liabilities, right, title or interest retained by Mason Dixon.

Plaintiff further argues that Hess's counterclaim implicates Mason Dixon as a necessary party for the total adjudication of plaintiff's claims under Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure. Plaintiff maintains that by seeking reformation and mistake as to Mason Dixon, Hess has established that Mason Dixon is a necessary party.

## B. Defendant Hess Ohio Resources LLC

Hess argues that Mason Dixon's citizenship should be disregarded because it is a nominal party and was fraudulently joined for the purposes of defeating diversity. Because Mason Dixon assigned all rights and interest it held in the lease, plaintiff has no viable claim against Mason Dixon. Mason Dixon has no right to demand any relief under the lease from plaintiff, and plaintiff has no right to demand any relief against Mason Dixon. As a result, Hess maintains that Mason Dixon's citizenship should be disregarded for purposes of determining diversity jurisdiction.

According to Hess, plaintiff does not dispute that Mason Dixon assigned the lease in its entirety and no longer retains an interest in that lease. The warranty language upon which plaintiff relies creates a limited warranty for the benefit of Hess alone. Mason Dixon did not make any warranty directly to plaintiff or any warranty under which plaintiff makes a claim. As a consequence of its assignment, Mason Dixon has no remaining interest in the lease that could be adjudicated in plaintiff's claims.

Defendant also disputes plaintiff's assertion that Hess's counterclaim makes Mason Dixon a necessary party. Although Mason Dixon personnel may be fact witnesses important to the adjudication of claims and counterclaims in the action, that does not make Mason Dixon a necessary party under Rule 19.

Hess also incorporated the arguments contained in Mason Dixon's February 17, 2014 motion to dismiss. *See* doc. 7. In its motion, Mason Dixon relies on the decision in *Cameron v. Hess Corp.*, No. 2:12-cv-00168, --- F. Supp.2d ----, 2013 WL 5366107 at *11-12

(S.D. Oh. Sept. 24, 2013), which found that Mason Dixon has no remaining interests in the leaseholds and that its interest in the leaseholds had been extinguished by the assignment to Hess.

## III. Discussion

A civil case brought in state court may be removed to federal court only when the plaintiff could have filed suit in federal court in the first place. 28 U.S.C. § 1441. If a case has been improperly removed, the action must be remanded, and the order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

A case may be removed under § 1441(b) where there is complete diversity of the parties at the time of removal. All parties on one side of the litigation must have different citizenship from all parties on the other side of the litigation. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). In order to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Coyne*, 183 F.3d at 492–93 (citing *Alexander v. Elec. Data Sys. Corp.*, 13

5

F.3d 940, 949 (6th Cir.1994)). The party seeking removal bears a heavy burden of proving that joinder of a party is fraudulent:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

183 F.3d at 493 (internal quotation marks and citation omitted). "The court does not weigh the merits of the claim, rather the determination is whether there is a reasonable basis for liability under the applicable state law." *Beavers v. DePuy Orthopaedics, Inc.*, 2012 WL 1945603, at *2 (N.D. Oh. 2012).

Plaintiff claims that it has a claim against Mason Dixon based on the limited warranty contained in the assignment from Mason Dixon to Marquette:

> Assignor does hereby agree to warrant and defend title to the interest conveyed herein against the claims and demands of all persons whomsoever claiming or attempting to claim the same by, through or under Assignor, but not otherwise.

Doc. 2 at PagID# 85. However, the assignment clearly states that Mason Dixon

> does hereby grant, convey, sell, assign, and transfer unto MARQUETTE EXPLORATION, LLC . . . *all* off Assignor's right, title, and interest, in and to the oil and gas leases and land described . . . .

*Id.* (Emphasis added.) As a result, Mason Dixon has no remaining interest in the lease. This conclusion is supported by the decision in *Cameron v. Hess Corp.* No. 2:12-cv-00168, --- F. Supp.2d ----, 2013 WL 5366107 at *11-12 (S.D. Oh. Sept. 24, 2013), which found:

> In assigning the Griffiths and Cameron Leases, however, Mason Dixon extinguished all of its rights in those contracts under Ohio law. In alienating property via an assignment, the assignee "acquires" all attendant property rights, and the rights of the assignor are "extinguished." 6 Am. Jur.2d, Assignments § 1 (2012) ("an assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished ... and the assignee acquires a right to such performance...."); *W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 912 N.E.2d 1093, 1095 (2009) ("An assignment is a transfer to another of all or part of one's property in exchange for valuable consideration"). As a result, "an assignee ... stands in the shoes of the assignor ..., and succeeds to all the rights and remedies of the latter." *Inter Ins. Exch. of Chi. Motor Club v. Wagstaff*, 144 Ohio St. 457, 59 N.E.2d 373, 375 (1945) (citing 3 Ohio Jurisprudence, 275, § 32; 38 Ohio Jurisprudence, 300, § 51; 4 American Jurisprudence, 321, § 115; 50 American Jurisprudence, 752, § 110; 6 C.J.S., Assignments, § 85, p. 1142.). Thus, here, in assigning the Griffiths and Cameron Leases, Mason Dixon has no remaining interests in the leaseholds that might be adjudicated in Plaintiffs' declaratory judgment action. *See Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 939 N.E.2d 891, 921 (2010) (affirming summary judgment for defendant on breach of contract claims because defendant had assigned its interest in the contract to another party).
>
> Plaintiffs counter that Mason Dixon has not actually extinguished all interests in the Griffiths and Cameron Leases because the operable assignments contained a warranty by which the lease's assignees could require Mason Dixon, under certain circumstances, to "defend title to the interest conveyed [by the assignment] against the claims and demands of all persons whomsoever claiming or attempting to claim the same...." This warranty provision concerns the rights of assignees Marquette and Hess relative to Mason Dixon, and speaks not at all to any rights Plaintiffs may have relative to Mason Dixon, or vice versa.

*Id.* at 2013 WL 5366107 at *11-12. Here, too, Mason Dixon extinguished any interest in the lease when it assigned it to Hess. Because there is no colorable basis for plaintiff to recover from Mason Dixon, I conclude that Mason Dixon has been named in this lawsuit as a means to defeat subject matter jurisdiction.

7

## IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff The Feisley Farms Family, L.P.'s February 28, 2014 motion for remand (doc. 12) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge