UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE FEISLEY FARMS FAMILY, L.P.,

    Plaintiff,

v.

HESS OHIO RESOURCES, LLC., et al.,

    Defendants.

Case No. 2:14-cv-146
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on Defendant Mason Dixon Energy's ("Mason Dixon") Motion to Dismiss Plaintiff's Complaint (ECF No. 7) and the Motion of Defendant Hess Ohio Resources, LLC ("Hess") to Toll the Terms of the Lease Pending Final Disposition (ECF No. 11). For the reasons that follow, the Court **GRANTS** Mason Dixon's motion and **DENIES** Hess's motion.

I.

### A. Factual Background

On December 18, 2006, the plaintiff The Feisley Farms Family, L.P. entered into an oil and gas lease with Mason Dixon. Compl. at ¶ 4. The lease provided for a primary term of five years, and the lessee had the option to extend the lease for an additional five year term from the expiration of the primary term under the sale lease terms and conditions. *Id.* at ¶ 5.

On November 26, 2008, Mason Dixon assigned all right, title, and interest it held in the lease to Marquette Exploration, LLC ("Marquette"). *Id.* at ¶ 13. On September 8, 2011, Marquette became known as Hess. *Id.* at ¶ 14.

On May 22, 2012, Ivy Phillips, the sole member of Hess, stated under oath and filed for record in the Belmont County Official Records, an affidavit stating that the lease was extended for an additional five years to the secondary term based on the tendering of payment of additional bonus consideration and as a result the lease remained in full force and effect. *Id.* at ¶ 18. The affidavit recorded in the Belmont County Official Records remains in full force and effect. *Id.* at ¶ 19. Plaintiff did not cash the bonus consideration check tendered by Hess. *Id.* at ¶ 20.

Plaintiff seeks a declaratory judgment, injunctive relief and asserts claims for slander of title and tortious interference with business relations against Hess. Plaintiff also seeks a declaratory judgment against Mason Dixon. The complaint alleges that under the terms of the Assignment of Oil and Gas Leases, Mason Dixon may have retained an interest in the lease. *Id.* at ¶ 42. Mason Dixon agreed to warrant and defend title to the interests conveyed therein and against claims and demands of "all persons" claiming an interest. *Id.* at ¶ 43.

## B. Procedural Background

Plaintiff filed this action in the Belmont County Common Pleas Court against Hess and Mason Dixon. Defendants removed the case to this Court based upon diversity jurisdiction.

On February 17, 2014, Mason Dixon filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 7.) That motion is fully briefed. (ECF Nos. 14, 17.) On February 25, 2014, Hess filed a Motion to Toll the Terms of the Lease Pending Final Disposition. (ECF No. 11.) That motion is also ripe for review. (ECF Nos. 15, 18.)

On February 28, 2014, Plaintiff filed its Motion to Remand, arguing that complete diversity does not exist between the parties as required by 28 U.S.C. § 1332(a). Specifically, Plaintiff maintained that there is no dispute that both Plaintiff and Mason Dixon are citizens of

Ohio for purposes of diversity jurisdiction. Plaintiff further alleged that Hess's counterclaim implicates Mason Dixon as a necessary party for the total adjudication of Plaintiff's claims under Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure. Hess, however, asserted that Mason Dixon is a nominal party added for the purpose of defeating federal diversity jurisdiction.

Magistrate Judge Mark R. Abel considered Plaintiff's Motion to Remand and issued a Report and Recommendation in which he recommended that the motion be denied. (ECF No. 25.) The Magistrate Judge found that Mason Dixon was fraudulently joined to defeat diversity jurisdiction. The Report and Recommendation informed the parties of their right to object to the Magistrate Judge's recommendation. No objection was lodged. This Court adopted the Report and Recommendation on August 4, 2014. (ECF No. 26.)

## II.

### A. Standard

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## B. Analysis

Plaintiff seeks a declaratory judgment to terminate and forfeit the parties' rights to the oil and gas lease at issue in this action, including any liabilities, right, title or interest retained by Mason Dixon. Plaintiff contends that Mason Dixon agreed to warrant and defend title to the lease against claims and demands of all persons claiming an interest. Plaintiff further argues that Hess's counterclaim implicates Mason Dixon as a necessary party for the total adjudication of Plaintiff's claims under Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure.

Mason Dixon moves for dismissal for failure to state a claim "upon which relief can be granted because Mason Dixon has no existing right, title, or interest in or to the lease agreement (nor the subject property) it made with Plaintiff, and therefore no present relationship with Plaintiff or the subject property." (Mot. to Dismiss at 1.) Additionally, although Mason Dixon personnel may be fact witnesses important to the adjudication of claims and counterclaims in the action, Mason Dixon disputes Plaintiff's assertion that Hess's counterclaim makes it a necessary party.

These arguments are the exact same ones the parties made in the briefing on Plaintiff's Motion for Remand. Indeed, Hess specifically "incorporated the arguments contained in Mason Dixon's February 17, 2014 motion to dismiss" into its opposition to Plaintiff's Motion to Remand. Magistrate Judge Abel considered these arguments and determined that Mason Dixon has no remaining interests in the lease and that it is not a necessary party under Rule 19. The Report and Recommendation provided:

> Plaintiff claims that it has a claim against Mason Dixon based on the limited warranty contained in the assignment from Mason Dixon to Marquette:
>
> > Assignor does hereby agree to warrant and defend title to the interest conveyed herein against the claims and demands of all

4

> persons whomsoever claiming or attempting to claim the same by, through or under Assignor, but not otherwise.

Doc. 2 at PagID# 85. However, the assignment clearly states that Mason Dixon

> does hereby grant, convey, sell, assign, and transfer unto MARQUETTE EXPLORATION, LLC . . . all off Assignor's right, title, and interest, in and to the oil and gas leases and land described . . . .

*Id.* (Emphasis added.) As a result, Mason Dixon has no remaining interest in the lease. This conclusion is supported by the decision in *Cameron v. Hess Corp.*, No. 2:12-cv-00168, --- F. Supp.2d ----, 2013 WL 5366107 at *11-12 (S.D. Oh. Sept. 24, 2013), which found:

> In assigning the Griffiths and Cameron Leases, however, Mason Dixon extinguished all of its rights in those contracts under Ohio law. In alienating property via an assignment, the assignee "acquires" all attendant property rights, and the rights of the assignor are "extinguished." 6 Am. Jur.2d, Assignments § 1 (2012) ("an assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished . . . and the assignee acquires a right to such performance...."); *W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 912 N.E.2d 1093, 1095 (2009) ("An assignment is a transfer to another of all or part of one's property in exchange for valuable consideration"). As a result, "an assignee ... stands in the shoes of the assignor ..., and succeeds to all the rights and remedies of the latter." *Inter Ins. Exch. of Chi. Motor Club v. Wagstaff*, 144 Ohio St. 457, 59 N.E.2d 373, 375 (1945) (citing 3 Ohio Jurisprudence, 275, § 32; 38 Ohio Jurisprudence, 300, § 51; 4 American Jurisprudence, 321, § 115; 50 American Jurisprudence, 752, § 110; 6 C.J.S., Assignments, § 85, p. 1142.). Thus, here, in assigning the Griffiths and Cameron Leases, Mason Dixon has no remaining interests in the leaseholds that might be adjudicated in Plaintiffs' declaratory judgment action. *See Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 939 N.E.2d 891, 921 (2010) (affirming summary judgment for defendant on breach of contract claims because defendant had assigned its interest in the contract to another party).

> Plaintiffs counter that Mason Dixon has not actually extinguished all interests in the Griffiths and Cameron Leases because the operable assignments contained a warranty by which the lease's assignees could require Mason Dixon, under certain circumstances, to "defend title to the interest conveyed [by the assignment] against

5

> the claims and demands of all persons whomsoever claiming or attempting to claim the same...." This warranty provision concerns the rights of assignees Marquette and Hess relative to Mason Dixon, and speaks not at all to any rights Plaintiffs may have relative to Mason Dixon, or vice versa.
>
> *Id.* at 2013 WL 5366107 at *11-12. Here, too, Mason Dixon extinguished any interest in the lease when it assigned it to Hess. Because there is no colorable basis for plaintiff to recover from Mason Dixon, I conclude that Mason Dixon has been named in this lawsuit as a means to defeat subject matter jurisdiction.

(Report and Recommendation at 6–7.)

This Court adopted the Magistrate Judge's Report and Recommendation, and adopts that same reasoning herein. For the same reasons set forth in the Report and Recommendation, the Court concludes that Mason Dixon's Motion to Dismiss is well taken.

## III.

Hess moves to toll the terms of the lease pending final disposition of Plaintiff's claims, arguing that "[r]egardless of the merits of the Plaintiff's claims, every day that the action is pending significantly reduces the time period during which Hess may develop the leased property." (Hess' Mot. to Toll at 5.) Hess contends that this Court has already addressed this exact issue and has determined that tolling an oil and gas lease during the pendency of the case is the appropriate course in actions like the one at bar.

> The Court's recent decision in *Wiley*, 2013 U.S. Dist. LEXIS 112066, provides a thorough review of this issue and the equities supporting the tolling of a lease term while litigation over the lease is pending. In *Wiley*, this Court granted precisely the equitable relief that Hess requests here – a tolling of the lease term, from the date of the Complaint until the case was concluded.

*Id.* at 5 (citing *Wiley v. Triad Hunter LLC*, No. 2:12-CV-00605, 2013 U.S. Dist. LEXIS 112066 (S.D. Ohio Aug. 8, 2013).

Hess's assessment of this Court's decision in *Wiley* is simply wrong. Indeed, this Court

6

in *Wiley* held the exact opposite of what Hess claims. That is, the lessee in the *Wiley* case, Triad Hunter LLC, filed a motion asking this Court to toll the term of the plaintiffs' oil and gas lease pending resolution of the case. This Court denied Triad's request, finding that it was premature because the underlying merits of the plaintiffs' claims were not yet resolved. The Court explained:

> Defendant cites authority for the proposition that when a lessor brings an action to cancel or terminate a lease, the lessee is entitled to tolling of the lease term. *See, e.g., Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1341 (10th Cir. 1982) ("When a lessor actively asserts to a lessee that his lease is terminated or subject to cancellation, the obligations of lessee to lessor are suspended during the time such claims of forfeiture are being asserted."). It appears, however, that courts have considered the issue of tolling either in conjunction with or after resolving the underlying merits. For example, in *Three Waters, LLC v. Northwood Energy Corporation*, No. 2012-042, (Ohio Ct. Com. Pleas June 12, 2012), an Ohio court extended lease periods only after concluding that the leases in question were valid and enforceable. (*See* Def.'s Mot. Tolling Ex. A, ECF No. 48-1.)
>
> Of course, as tolling remains an unresolved issue in this case, the current denial is without prejudice. If Defendant prevails in this action, the Court will determine whether Defendant is entitled to the equitable relief it seeks. The Court, however, is simply not in a position to decide the matter at the present time.

*Wiley v. Triad Hunter*, No. 2:12-CV-00605, slip. op. (S.D. Ohio June 2, 2013). Triad moved for reconsideration of that decision, which this Court denied. *Wiley v. Triad Hunter LLC*, No. 2:12-CV-00605, 2013 U.S. Dist. LEXIS 112066 (S.D. Ohio Aug. 8, 2013).

The Court finds the same analysis applicable here, and therefore declines, at this stage of the litigation, to toll the oil and gas lease.

### IV.

For the reasons state above, the Court **GRANTS** Mason Dixon's Motion to Dismiss (ECF No. 7) and **DENIES** Hess's Motion to Toll the Terms of the Lease Pending Final

7

Disposition (ECF No. 11). The Clerk is **DIRECTED** to **REMOVE** Mason Dixon as a defendant in this action.

    **IT IS SO ORDERED.**

_8-25-2014_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**